UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CLAY E. RUSSELL,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT SUSAN ROSS,<br><br>Respondent. | Case No. 12-CV-86-JPS<br><br>ORDER |

On January 27, 2012, petitioner Clay E. Russell ("Russell") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). Russell challenges his present incarceration at a state correctional facility in Wisconsin (Docket #'s 1 and 15) on two theories: (1) Russell was deprived of due process when the state failed to collect, retain and preserve certain physical evidence from the crime scene (the "Due Process Ground") (Docket #1, 6); and (2) Russell's trial counsel rendered him ineffective assistance by failing to "properly litigate" the Due Process Ground (the "Ineffective Assistance Ground") (Docket #1, 7).

In its initial screening order pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court observed that "Russell *appears* to have exhausted his state remedies." (Docket #5, 3) (emphasis added).

Respondent Superintendent Susan Ross ("Ross") submits that Russell failed to pursue the Ineffective Assistance Ground "through one complete round of state-court review." (Docket #13, 2).[1] Russell's petition to the

---

[1] Russell's petition indicates that he pursued only a *direct* course of appeal (in contrast to a collateral round of appeal in the state courts). (Docket #1, 4).

Wisconsin Supreme Court for review of a decision of the Court of Appeals of Wisconsin presented only the Due Process Ground. *See* (Docket #8-6, 1-23);[2] (Docket #13, 11). That petition for review was denied on January 11, 2011. (Docket #8-8). Therefore, the Court is obliged to conclude that Russell has not exhausted the Ineffective Assistance Ground.

A federal district court may not address the merits of constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). In other words, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). In particular, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner has the burden of proving his compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

In *Rhines v. Weber*, the U.S. Supreme Court confronted "the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in state courts and some that have not." 544 U.S. 269, 271 (2005).

---

[2]Under a heading titled "The issues presented are as follows:" Russell submitted only *one* issue: "I. RUSSELL WAS DENIED HIS RIGHT TO DUE PROCESS OF THE LAW BY THE FAILURE OF STATE OR POLICE TO RETAIN AND PRESERVE KEY PHYSICAL EVIDENCE FROM CRIME SCENE." (Docket #8-6. 4). Moreover, Russell does not point the Court to any passage in that petition that might evidence fair presentment of the Ineffective Assistance Ground and the Court finds no such passage.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the U.S. Supreme Court held that "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). *Rhines* confronted "the problem of a 'mixed' petition" in the post-AEDPA landscape:

> The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus…shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan*, 533 U.S., at 181-182, 121 S.Ct. 2120.
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.
>
> . . .
>
> We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike. In an attempt to solve the problem, some district courts have adopted a version of the "stay-and-abeyance" procedure employed by the District Court below. Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a

> district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

544 U.S. at 271 and 274-276.

After weighing various competing interests, the *Rhines* court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id.* at 277. Here, the parties have not submitted briefing on whether Russell has good cause for failing to fairly present the Ineffective Assistance Ground to the Wisconsin Supreme Court in the course of his direct appeal. If Russell cannot show good cause (which, the Court notes, is not a trivial hurdle to overcome), he may delete the Ineffective Assistance Ground from his federal habeas petition and proceed with only the Due Process Ground.[3]

---

[3] *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.")

If Russell is unable to show good cause for failing to fairly present the Ineffective Assistance Ground to the Wisconsin Supreme Court in the course of his direct appeal (again, not a trivial hurdle to overcome), then stay-and-abeyance is inappropriate. *See Rhines*, 544 U.S. at 277. Given that the Court found in its Rule 4 Screening Order that "Russell's conviction became final 90 days subsequent the Wisconsin Supreme Court's denial of his petition for review, that is April 11, 2011," a dismissal of Russell's entire petition at this juncture (or hereafter) would unreasonably impair his right to obtain federal relief on his Due Process Ground because a subsequently re-filed petition under § 2254 would be untimely. *See* §2244(d) (imposing a 1-year statute of limitations on the filing of federal petitions).

In summary, if Russell wishes to proceed under § 2254, then he has two options at this juncture: (1) show good cause for failing to fairly present the Ineffective Assistance Ground to the Wisconsin Supreme Court in the course of his direct appeal; or (2) file a motion for miscellaneous relief that requests: (a) deletion of the Ineffective Assistance Ground from his federal habeas petition (Docket #1); and (b) review of the Due Process Ground based on the briefing already before the Court.

Accordingly,

IT IS ORDERED that petitioner Clay E. Russell shall file *not later than 20 days from the date of this order* a submission that: (i) shows good cause for failing to fairly present the Ineffective Assistance Ground to the Wisconsin Supreme Court in the course of his direct appeal; or (ii) requests: (a) deletion of the Ineffective Assistance Ground from his federal habeas petition (Docket #1); and(b) review of the Due Process Ground based on the briefing already before the Court. If Russell fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge